IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Center for Disability Law,<br><br>Plaintiff,<br><br>v.<br><br>Cara M. Christ, et al.,<br><br>Defendants. | No. CV-18-02854-PHX-BSB<br><br>**ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference is set for **January 8, 2019 at 1:30 p.m.** in Courtroom 304, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona 85003-2120. The parties are advised that the Court is participating in the Mandatory Initial Discovery Pilot Project ("MIDP"), and in preparation for the Case Management Conference, they must meet and confer to prepare a proposed joint Case Management Report, as set forth in this Order.

MANDATORY INITIAL DISCOVERY PILOT PROJECT

The MIDP was approved by the Judicial Conference of the United States and has been implemented in this District by Amended General Order 17-08. The MIDP applies to all civil cases filed on or after May 1, 2017, other than cases listed in Rule 26(a)(1)(B), actions under the Private Securities Litigation Reform Act ("PSLRA"), and cases transferred for consolidated administration in this District by the Judicial Panel on Multidistrict Litigation. The discovery obligations in the MIDP supersede the disclosures

required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery. Unlike initial disclosures required by current Rule 26(a)(1)(A) & (C), the MIDP does not allow parties to opt out. Thus, if your case was filed on or after May 1, 2017, and does not fall within one of the exceptions identified above, you must comply with the discovery obligations of the MIDP. You should have received a notice regarding the pilot project when your case was filed or you were served, and you should already be complying with the MIDP. Resources related to the MIDP are available on the Court's website at www.azd.uscourts.gov/attorneys/mandatory-initial-discovery-pilot and on the Federal Judicial Center website at https://www.fjc.gov/subject/discovery-disclsoure.

COMMENCEMENT OF DISCOVERY

After the parties have served their MIPD discovery responses, discovery may commence under Rules 30, 31, 33, 34, 35, 36, and 45 of the Federal Rules of Civil Procedure.

CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, and Local Rule 7.1.1, any nongovernmental corporate party to an action or proceeding must file a Corporate Disclosure Statement. If not previously filed, any nongovernmental corporate party must file its Corporate Disclosure Statement within fourteen days of receipt of this Order. Forms are available at www.azd.uscourts.gov under "Rules, General Orders & Forms."

RULE 26(f) MEETING AND CASE MANAGEMENT REPORT

The parties must meet and confer at least fourteen days before the Case Management Conference. *See* Fed. R. Civ. P. 26(f)(1). At this Rule 26(f) meeting, the parties shall develop a joint Case Management Report that contains the following information in separately numbered paragraphs.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report.

2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

3. A short statement of the nature of the case (**3 pages or less**), including a description of each claim and defense.

4. A description of the principal factual and legal disputes in the case.

5. The jurisdictional basis for the case, citing specific jurisdictional statutes.[1]

6. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared. Unless counsel can otherwise show cause, an order shall accompany the joint report dismissing any fictitious or unnamed parties, any party that has not been served, or appropriate pleadings seeking default judgment on any non-appearing party.

7. A statement of whether any party expects to add parties to the case or otherwise to amend pleadings (the Court will set a deadline of no later than sixty days after the Case Management Conference to join parties or amend pleadings).

8. A list of contemplated motions and a statement of the issues to be decided by these motions (including motions under Rules 702, 703, 704, and 705 of the Federal Rules of Evidence).

9. The status of related cases previously-filed or pending before other judges of the District of Arizona or before other courts.

10. A statement of when the parties exchanged their MIDP discovery responses.

11. A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have a risen, a description of those issues so the Court may resolve them at the Rule 16 conference. If the Rule 26(f) joint

---

[1] If jurisdiction is based on diversity, the basis shall include a statement of the citizenship of every party and the amount in dispute. *See* 28 U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. § 1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

report raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report. *See* Amended General Order 17-08(A)(9).

12. A discussion of necessary discovery, including:

    a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure; and,

    c. Suggested changes, if any, to the number of hours permitted for each deposition, unless extended by agreement of the parties. *See* Fed. R. Civ. P. 30(d)(1).

13. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it should be produced. *See* Fed. R. Civ. P. 16(b)(3)(B); 26(f)(3)(C); Amended General Order 17-08(C)(2).

14. A discussion of any issues relating to claims of privilege or work product. *See* Fed. R. Civ. P. 16(b)(3)(B); 26(f)(3)(D); Amended General Order 17-08(A)(4).

15. A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case.

16. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

    a. A deadline for the completion of discovery (the parties may propose bifurcated discovery with staggered deadlines for the completion of fact and expert discovery, or they may propose a deadline for the completion of all discovery).[2] The deadline for the completion of fact discovery will also be the deadline for the final

---

[2] All discovery must be completed by the discovery deadline. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the discovery deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

supplementation of discovery responses under the MIDP.[3]  *See* Amended General Order 17-08(A)(8).

   b. Deadlines for completion of Rule 26(a)(2)(A)-(E) expert disclosures (the parties may propose staggered deadlines for expert disclosures and may include deadlines for rebuttal experts);

   c. A deadline for completion of all expert depositions;

   d. A deadline for filing dispositive motions; and

   e. A date by which the parties shall have engaged in good faith settlement talks.

  17. Whether a jury trial has been requested, whether the request for a jury trial is contested and, if so, the reasons why the request is contested.

  18. The estimated length of trial and any suggestions for shortening the trial.

  19. The prospects for settlement, including any request for the Court's assistance in settlement efforts such as referring the matter to another magistrate judge for a settlement conference.

  20. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.  *See* Fed R. Civ. P. 1.

  The parties must jointly file the Case Management Report with the Clerk of Court at least seven days before the Case Management Conference.  Plaintiff must initiate the Rule 26(f) meeting and preparation of the joint Case Management Report.  Defendants must promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Case Management Report.

### CASE MANAGEMENT CONFERENCE AND ORDER

  The Court directs counsel to Federal Rule of Civil Procedure 16 for the objectives of the Case Management Conference.  Counsel who will be responsible for trial of the

---

[3] The parties should review carefully Amended General Order 17-08.  It requires parties to timely supplement their MIDP responses as new information is discovered.  Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions.  Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period will also be subject to sanctions.

lawsuit for each party must appear and participate in the Case Management Conference and must have authority to enter into stipulations regarding all matters that may be discussed. The Court will grant a continuance of the Case Management Conference only for good cause and will not grant a continuance beyond the time limit set forth in Federal Rule of Civil Procedure 16(b).

After the Case Management Conference, the Court will enter a Case Management Order. The form of the Court's standard Case Management Order can be found on the Court's website at www.azd.uscourts.gov under "Judges' Information, Orders, Forms & Procedures/Bridget S. Bade." The Court will enforce the deadlines in the Case Management Order. The parties should plan their litigation activities accordingly.

OTHER MATTERS

The parties are expected to comply fully with the Federal Rules of Civil Procedure, the Local Rules of Practice for the District Court, Amended General Order 17-08, and to minimize the expense of discovery. All pleadings and motions must comply with the Local Rules. *See* LRCiv 7.1 and 7.2.

Dated this 13th day of November, 2018.

_____
Bridget S. Bade
United States Magistrate Judge