MARK BRNOVICH
Attorney General
Firm Bar No. 14000

Louis Caputo (025398)
Aubrey Joy Corcoran (025423)
Kevin D. Ray (007485)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, AZ  85004
Telephone (602) 542-8349
EducationHealth@azag.gov
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

|  |  |
|---|---|
| Arizona Center for Disability Law, | Case No. 2:18-cv-02854-BSB |
| Plaintiff, | **ANSWER TO AMENDED COMPLAINT** |
| v. | |
| Cara M. Christ, in her official capacity as Director of the Arizona Department of Health Services; and Aaron Bowen, in his official capacity as Superintendent and Chief Executive Officer of the Arizona State Hospital, | |
| Defendants. | |

Dr. Cara M. Christ, in her official capacity as Director of the Arizona Department of Health Services, and Dr. Aaron Bowen, in his official capacity as Superintendent and Chief Executive Officer of the Arizona State Hospital ("Defendants"), hereby respond to the Amended Complaint filed by Arizona Center for Disability Law ("ACDL"), on March 11, 2019, and admit, deny, and affirmatively allege as follows:

**JURISDICTION AND VENUE**

1. Responding to paragraph 1 of the Amended Complaint, Defendants admit this Court has jurisdiction over this matter.

2. Defendants admit that venue is proper.

**PARTIES**

3. Defendants admit that designated protection and advocacy systems have authority related to persons with mental illness under 42 U.S.C. § 10801 *et seq.* Defendants are without sufficient knowledge as to the truth of the remaining allegations contained in paragraph 3 of the Amended Complaint and therefore deny the same.

4. Responding to the allegations contained in paragraph 4 of the Amended Complaint and all subparts thereto, Defendants admit that Dr. Christ is the Director of the Arizona Department of Health Services, and aver that Arizona law speaks for itself.

5. Responding to the allegations contained in paragraph 5 of the Amended Complaint and all subparts thereto, Defendants admit that Dr. Bowen is the Superintendent and Chief Executive Officer of the Arizona State Hospital (the "Hospital"), and aver that Arizona law speaks for itself.

**STATEMENT OF FACTS**

6. Defendants admit that the Hospital treats patients with significant mental health concerns, including individuals with mental illness, but are without sufficient knowledge as to the truth of the allegations contained in paragraph 6 of the Amended Complaint because they are vague and ambiguous, and therefore deny the same. Specifically, Defendants are uncertain whether ACDL alleges that all Hospital patients are individuals with mental illness and whether all patients must necessarily remain in the Hospital for "long-term care."

7. Responding to the allegations contained in paragraph 7 of the Amended Complaint, Defendants aver only that the Arizona law speaks for itself.

8. Defendants admit that the Hospital has three licensed facilities on its campus in which patients and other committed persons reside.

9.      Defendants admit the allegation contained in paragraph 9 of the Amended Complaint.

10.     Defendants admit the allegation contained in paragraph 10 of the Amended Complaint.

11.     Defendants admit the allegation contained in paragraph 11 of the Amended Complaint.

12.     Paragraph 12 of the Amended Complaint appears to be a statement of intent and/or purpose, which does not require an admission or denial.   To the extent that paragraph 12 contains allegations, Defendants are without sufficient knowledge as to their truth because they are vague and ambiguous, and therefore deny same.

13.     Defendants admit that the civil Hospital facility has 116 licensed beds.

14.     Defendants admit the allegations contained in paragraph 14 of the Amended Complaint.

15.     Defendants admit that the forensic Hospital facility has 143 licensed beds; however, Defendants are without sufficient knowledge regarding the term "involvement with the criminal justice system" because, by itself, it is vague and/or ambiguous, and Defendants therefore deny same.   Persons may be at least initially committed to the Hospital after being adjudicated "guilty except insane" under A.R.S. § 13-502(D), or committed for restoration treatment under A.R.S. §§ 13-4510 - 4512.

16.     Defendants admit the allegations contained in paragraph 16 of the Amended Complaint.

17.     Defendants admit the allegations contained in paragraph 17 of the Amended Complaint.

18.     Defendants admit the allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegation contained in paragraph 19 of the Amended Complaint.   Specifically, while authorized protection and advocacy systems play an important role advocating for persons with mental illness, all Hospital patients have

3

competent counsel who regularly advise them and represent them in all court proceedings and matters before the Psychiatric Security Review Board.  Many Hospital patients also have individual advocates, personal representatives, other attorneys, legal representatives, and/or guardians who independently protect their interests.

## I.  DENIAL OF PLAINTIFF'S ACCESS TO ASH RESIDENTS AND FACILITIES

20.    Defendants are without sufficient information and knowledge as to the truth of the allegations in paragraph 20 of the Amended Complaint, which are also unclear, vague, and/or ambiguous, and therefore deny the same.  Defendants aver only that the law speaks for itself.

21.    Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 21 of the Amended Complaint, which are also unclear, vague, and/or ambiguous, and Defendants therefore deny the same.  Specifically, Defendants are uncertain about whether paragraph 21 may allege that ACDL has satisfied all necessary criteria to bring this lawsuit, which Defendants deny.  Defendants aver only that the law speaks for itself.

22.    Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 22 of the Amended Complaint because they are unclear, vague, and/or ambiguous, and Defendants therefore deny the same.  Specifically, Defendants are uncertain about whether paragraph 22 may allege that ACDL may have access to the Hospital at any time and in any manner it chooses, which Defendants deny.  Defendants aver that the law speaks for itself.

23.    Responding to the allegations contained in paragraph 23 of the Amended Complaint, Defendants aver that the law speaks for itself.  Defendants specifically deny that ACDL's interpretation of "reasonable, unaccompanied access" is accurate.  ACDL essentially equates "reasonable, unaccompanied access" with "unfettered and unsecured access" to Hospital facilities and patients.  As examples, ACDL has demanded that the Hospital provide it with keys to its facilities and allow it to travel throughout Hospital

facilities generally without escort, and argues that it can visit patients regardless of their clinical status (i.e. if the doctors and treatment staff think patients are too symptomatic and/or dangerous). Moreover, ACDL's requests for access have, at times, demonstrated a fundamental misunderstanding of the nature, breadth, and effects of patients' mental disorders, which directly relate to the reasonableness of any access request. Nevertheless, the Hospital has worked in good faith with ACDL, made accommodations for ACDL's access, and continually permitted ACDL access pursuant to PAIMI and applicable regulations. ACDL's inaccurate interpretation of its access authority underlies the Amended Complaint's allegations and Defendants' responses to those allegations.

Since 2015, ACDL has accessed the Hospital's patients, facilities, and records. That access continues now. In fact, representatives from ACDL and the Hospital regularly communicate regarding access to Hospital patients, facilities, and records. ACDL representatives access the Hospital for multiple hours at a time, including one visit lasting seven hours. ACDL has even described that the Hospital has been "very cooperative with [its] monitoring visits." This lawsuit is unnecessary and is not about whether ACDL has access to Hospital patients, facilities, and records, but whether it can have virtually any access it wants based on its own self-created criteria and timing, which no court or other authority has ever authorized.

24. Responding to the allegations contained in paragraph 24 of the Amended Complaint Defendants aver that the law speaks for itself, and that PAIMI states that "[a]ccess to facilities, records or residents shall not be delayed or denied without the prompt provision of written statements of the reasons for the denial." 42 C.F.R. § 51.43. ACDL, however, routinely waits unreasonable amounts of time to allege denials of access to the Hospital and unilaterally ceases discussion on those issues for months at a time. This not only impairs the Hospital's ability to ascertain the circumstances behind alleged denials, but prevents the Hospital from providing ACDL written reasons for any actual denials. For example, until October 2016, the Hospital and ACDL were discussing the exact same peer review records that are the basis for its claim in this lawsuit. ACDL

waited seven months until May 26, 2017, to send a letter to the Hospital to pick up discussion about the issue.  ACDL demanded that the Hospital respond by June 15, 2017. The Hospital responded by letter on June 15, 2017.  Saying that same day that it would "review the issues [the Hospital] raised and get back to [the Hospital] by the end of next week," ACDL waited eleven more months before resuming discussion on April 23, 2018. In a rare case where a genuine denial of access question was timely raised, the parties were able to resolve it through written discussion.  Defendants also deny the allegations contained within paragraph 24 of the Amended Complaint to the extent that they rely on ACDL's erroneous interpretation of "reasonable, unaccompanied access" and/or ACDL's failure to actually ask for "reasonable, unaccompanied access" or even simply "unaccompanied access."

25.     Defendants admit that the Hospital accommodated ACDL's access onto its campus on multiple occasions in 2016 for ACDL to conduct activities.  Defendants currently have insufficient information concerning the specific number of those occasions, and so they deny those allegations.  Defendants also deny that the Hospital refused to provide ACDL "reasonable, unaccompanied access."  Further, contrary to the allegations in paragraph 25 of the Amended Complaint, ACDL stated in a letter to the Hospital on May 26, 2017, that it visited on "eight separate occasions," but that the Hospital denied "unaccompanied access" "during several [but not all], of those visits."  In that same letter ACDL described only three instances that, per ACDL, alleged it was on the Hospital's campus and had been denied "reasonable, unaccompanied access."  As an example, ACDL argued that it was denied access during a visit on August 2, 2016. ACDL, however, never informed Undersigned Counsel or the Hospital until its May 2017 letter that it had supposedly been denied access on that date.  Further, counsel for the Hospital and ACDL communicated on August 2, 2016, after the visit had taken place, and ACDL raised no issues of being denied access and never asserted that it even asked the Hospital for reasonable unaccompanied access.

26.     Defendants admit that ACDL Counsel sent a letter to the Hospital, in care of Undersigned Counsel, on May 26, 2017.  Defendants specifically deny ACDL's new allegation that the purpose of its May 26, 2017 letter was "to resolve the denial of Plaintiff's unaccompanied access to ASH residents and facilities without litigation."  As described earlier herein, ACDL waited approximately seven months after the Hospital last communicated with it to send its May 2017 letter.  Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 26 of the Amended Complaint because they are unclear, vague, and/or ambiguous, and Defendants therefore deny the same.

27.     In response to the allegations in paragraph 27 of the Amended Complaint, Defendants admit that ACDL's May 26, 2017 letter recited sections of PAIMI and related rules, but aver otherwise that the May 26, 2017 letter speaks for itself.  Defendants deny that the letter "explained ASH's legal obligations under the PAIMI Act" insofar as those obligations rely on ACDL's erroneous interpretation of the PAIMI Act and related rules.

28.     Defendants admit that on June 15, 2017, the Hospital, via Undersigned Counsel, responded to ACDL that the Hospital could not allow ACDL to have the unfettered and unmonitored access it sought, which was essentially absolute access to the Hospital's patients and facilities wherein ACDL's nonclinical staff would decide for itself when and under what conditions Hospital patients with severe mental health conditions could safely meet and interact.  As an example, ACDL proposed that apparently all Hospital patients on "close observation" could meet with ACDL in a closed room when Hospital staff and security were outside of the room.  ACDL's proposed access disregarded patients' level of current dangerousness, unique symptoms, and mental diagnoses, and it also placed the Hospital at risk of violating obligations to regulatory entities.  Defendants are without sufficient information and knowledge as to the truth of any remaining allegations in paragraph 28 of the Amended Complaint because they are unclear, vague, and/or ambiguous, and Defendants therefore deny the same.

29.     Defendants are without sufficient information and knowledge as to the truth of the allegations in paragraph 29 of the Amended Complaint related to the eight monitoring visits because they are vague and ambiguous, and therefore deny the same. Defendants deny, however, that the Hospital denied "reasonable, unaccompanied" access to ACDL.   Moreover, and as described earlier herein, ACDL waited approximately eleven months until April 23, 2018, to allege any of the enumerated 2017 denials of access in paragraph 29 of the Amended Complaint.

30.     Defendants are without sufficient information and knowledge as to the truth of the allegations in paragraph 30 of the Amended Complaint because they are vague and ambiguous, and therefore deny the same.  Defendants deny, however, that the Hospital denied "reasonable, unaccompanied" access to ACDL.   Moreover, and as described earlier herein, ACDL waited approximately eleven months until April 23, 2018, to allege any of the enumerated 2017 denials of access contained in paragraph 30 of the Amended Complaint.

31.     Defendants are without insufficient information to admit or deny the allegation contained in paragraph 31 of the Amended Complaint and therefore they deny same.   Defendants specifically deny that ACDL's interpretation of "unaccompanied access" is correct.

32.     Defendants are without sufficient information and knowledge as to the truth of the allegations in paragraph 32 of the Amended Complaint because they are vague and/or ambiguous, and therefore deny the same.   Defendants specifically deny that ACDL's interpretation of "unaccompanied access" is correct.

33.     Defendants are without sufficient information and knowledge as to the truth of the allegations in paragraph 33 of the Amended Complaint because they are vague and/or ambiguous, and therefore deny the same.   Defendants specifically deny that ACDL's interpretation of "unaccompanied access" is correct.  Further, PAIMI does not require that protection and advocacy systems be allowed to access the Hospital without escort.

34.     Defendants are without sufficient information and knowledge as to the truth of the allegations in paragraph 34 of the Amended Complaint because they are vague and/or ambiguous, and therefore deny the same.   Defendants specifically deny that ACDL's interpretation of "reasonable, unaccompanied access" is correct.

35.     Defendants are without sufficient information to admit or deny the allegation contained in paragraph 35 of the Amended Complaint related to communications between a Hospital patient and ACDL, and therefore deny same. Defendants deny that the Hospital denied "reasonable, unaccompanied" access to ACDL. Additionally, ACDL's April 23, 2018 letter to the Hospital did not allege any denial of access occurring on March 16, 2018.

36.     Defendants are without sufficient information and knowledge as to the truth of the allegations in paragraph 36 of the Amended Complaint and the allegations are vague and ambiguous, and Defendants therefore deny the same. Defendants also deny the allegations contained in paragraph 36 of the Amended Complaint because the Hospital did not deny access authorized by PAIMI.  Defendants specifically deny that ACDL's interpretation of "unaccompanied access" is correct.   The Hospital was therefore not required to provide written explanations of denials to ACDL.

37.     Defendants are without sufficient information and knowledge as to the truth of the allegations in paragraph 37 of the Amended Complaint and the allegations are vague and ambiguous, and Defendants therefore deny the same.  Defendants specifically deny that ACDL's interpretation of "unaccompanied access" is correct.

38.     Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 38 of the Amended Complaint and the allegations are vague and ambiguous, and Defendants therefore deny the same. Defendants specifically deny that ACDL's interpretation of "unaccompanied access" is correct.

39.     Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 39 of the Amended Complaint and the

allegations are vague and ambiguous, and therefore deny the same.   Defendants specifically deny that ACDL's interpretation of "unaccompanied access" is correct.

40.   Defendants deny the allegations contained in paragraph 40 of the Amended Complaint.   Further, on August 8, 2018, an ACDL attorney representative, Anna Branson, conducted a monitoring visit of the Hospital's campus and spoke with patients. In the afternoon of August 8, 2018, and while waiting to attend a patient treatment meeting, Ms. Branson described unequivocally that her patient visits that day had gone "fine."   She did not allege that she was denied access, and she otherwise raised no issues or problems.   The next week, Ms. Branson alleged that a denial of access occurred. When asked for details about the alleged denial and why she gave a contrary answer the week before, Ms. Branson replied simply that it was "not the proper time or place to discuss the denial of access."   There are other inconsistencies with Ms. Branson's accounting of events on August 8, 2018.   Defendants specifically deny that ACDL's interpretation of "reasonable, unaccompanied access" is correct.

41.   Defendants deny the allegation contained in paragraph 41 of the Amended Complaint.   Specifically, the Defendants deny that the Hospital denied ACDL "unaccompanied access," and therefore could not have failed to provide ACDL with "written statements" of such denials.   Defendants also specifically deny that ACDL's interpretation of "unaccompanied access" and the scope of its monitoring authority are correct.

42.   Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 42 of the Amended Complaint and the allegations are vague and ambiguous, and Defendants therefore deny the same. Further, the allegations concern confidential and/or protected health information, and Defendants therefore deny the allegation contained in paragraph 42 of the Amended Complaint. Defendants also specifically deny that ACDL's interpretation of "unaccompanied access" and the scope of its monitoring authority are correct.

43.     Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 43 of the Amended Complaint and the allegations are vague and ambiguous, and Defendants therefore deny the same.  Further, the allegations concern confidential and/or protected health information, and Defendants therefore deny the allegation contained in paragraph 43 of the Amended Complaint. Defendants also specifically deny that ACDL's interpretation of "unaccompanied access" and the scope of its monitoring authority are correct.

44.     Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 44 of the Amended Complaint and the allegations are vague and ambiguous, and Defendants therefore deny the same.  Further, the allegations concern confidential and/or protected health information, and Defendants therefore deny the allegation contained in paragraph 44 of the Amended Complaint. Defendants also specifically deny that ACDL's interpretation of "unaccompanied access" and the scope of its monitoring authority are correct.

45.     Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 45 of the Amended Complaint, and Defendants therefore deny the same.  Further, the allegations concern confidential and/or protected health information, and Defendants therefore deny the allegation contained in paragraph 45 of the Amended Complaint.

46.     Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 46 of the Amended Complaint and the allegations are vague and ambiguous, and Defendants therefore deny the same.  Further, the allegations concern confidential and/or protected health information, and Defendants therefore deny the allegation contained in paragraph 46 of the Amended Complaint. Defendants also specifically deny that ACDL's interpretation of "unaccompanied access" is correct.

47.     Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 47 of the Amended Complaint and the

allegations are vague and ambiguous, and Defendants therefore deny the same.  Further, the allegations concern confidential and/or protected health information, and Defendants therefore deny the allegation contained in paragraph 47 of the Amended Complaint. Defendants also specifically deny that ACDL's interpretation of "unaccompanied access" is correct.

48.     Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 48 of the Amended Complaint and the allegations are vague and ambiguous, and Defendants therefore deny the same.  Further, the allegations concern confidential and/or protected health information, and Defendants therefore deny the allegation contained in paragraph 48 of the Amended Complaint. Defendants also specifically deny that ACDL's interpretation of "unaccompanied access" is correct.

49.     Defendants are without sufficient information and knowledge as to the truth of the remaining allegations in paragraph 49 of the Complaint and the allegations are vague and ambiguous, and Defendants therefore deny the same.  Further, the allegations concern confidential and/or protected health information, and Defendants therefore deny the allegation contained in paragraph 49 of the Amended Complaint.  Defendants also specifically deny that ACDL's interpretation of "unaccompanied access" is correct.

## II. DENIAL OF PLAINTIFF'S ACCESS TO RECORDS

50.     Responding to the allegations contained in paragraph 50 of the Amended Complaint, PAIMI states that protection and advocacy systems have the authority to investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred."  42 U.S.C. § 10805(a)(1)(A).  Defendants otherwise aver only that the law speaks for itself.

51.     Responding to the allegations contained in paragraph 51 of the Amended Complaint and all subparagraphs thereto, PAIMI states that eligible protection and advocacy systems shall "in accordance with section 10806…have access to all records of

any individual (including an individual who has died or whose whereabouts are unknown) (i) who by reason of the mental or physical condition of such individual is unable to authorize the system to have such access; (ii) who does not have a legal guardian, conservator, or other legal representative, or for whom the legal guardian is the State; and (iii) with respect to whom a complaint has been received by the system or with respect to whom as a result of monitoring or other activities (either of which result from a complaint or other evidence) there is probable cause to believe that such individual has been subject to abuse or neglect." 42 U.S.C. § 10805(a)(4)(B). Defendants only aver otherwise that the law speaks for itself.

52. Responding to the allegations contained in paragraph 52 of the Amended Complaint, Defendants admit that *Ariz. Ctr. for Disability Law v. Allen*, 197 F.R.D. 689, 693 (D. Ariz. 2000) states that "the P & A laws and the regulations promulgated thereunder support the conclusion that a P & A is the final arbiter of probable cause for the purpose of triggering its authority to access all records for an individual that may have been subject to abuse or neglect."

53. Responding to the allegations contained in paragraph 53 of the Amended Complaint, the allegations concern confidential and/or protected health information, and Defendants therefore deny the allegation contained in paragraph 53 of the Amended Complaint.

54. Defendant is without sufficient knowledge as to the truth of the allegations contained in paragraph 54 of the Amended Complaint and therefore denies the same. Further, the allegations concern confidential and/or protected health information, and Defendants therefore deny the allegation contained in paragraph 54 of the Amended Complaint.

55. Responding to the allegations contained in paragraph 55 of the Amended Complaint, the allegations concern confidential and/or protected health information, and Defendants therefore deny them. Defendants also specifically deny the allegations

contained in paragraph 55 of the Amended Complaint because ACDL submitted a records request on September 15, 2016.

56.    Defendants admit that on October 28, 2016, Hospital counsel, on behalf of the Hospital, stated that the Hospital would not disclose peer review records to ACDL per its request.   As described earlier herein, ACDL ceased communication and waited approximately seven months to re-raise the peer review records in question.  Responding to the remaining allegations contained in paragraph 56 of the Amended Complaint, the remaining allegations concern confidential and/or protected health information, and Defendants therefore deny them.

57.    Defendants admit that on May 26, 2017, ACDL sent a letter to the Hospital through Undersigned Counsel and that such letter requested peer review records and other information.   ACDL waited approximately seven months after its previous communication about peer review records to send its May 26, 2017 letter.  Defendants aver that the May 26, 2017 letter otherwise speaks for itself.   Responding to the remaining allegations contained in paragraph 57 of the Amended Complaint, the remaining allegations concern confidential and/or protected health information, and Defendants therefore deny them.

58.    Defendants admit that on June 15, 2017, Undersigned Counsel, on behalf of the Hospital, responded to ACDL's May 26, 2018 letter.  In the Hospital's response letter, the Hospital addressed ACDL's inaccurate definition of "reasonable, unaccompanied access" and said it would deny access to its peer review records. Responding to the remaining allegations contained in paragraph 58 of the Amended Complaint, the allegations concern confidential and/or protected health information, and Defendants therefore deny them.  Defendants deny any remaining allegations contained in paragraph 58 of the Amended Complaint.

59.    Defendants admit that ACDL sent letters to Defendants on April 23, 2018, that concerned, in part, access to peer review records.   ACDL waited approximately eleven months after the last communication to continue discussion about the peer review

records question, and then demanded that the Hospital respond to its letter within seven days or it would file a lawsuit.   Defendants deny the remaining allegations contained in paragraph 59 of the Amended Complaint.

60.     Defendants admit that on May 7, 2018, the Hospital sent a letter in response to ACDL's April 23, 2018 letter.  Defendants deny the remaining allegations contained in paragraph 60 of the Amended Complaint.   Specifically, ACDL's insinuation that the Hospital's May 7, 2018 letter ignored the subject of peer review records is false.  ACDL stated that it was unprepared to discuss the question of peer review records until another ACDL attorney returned to the Office.   Accordingly, the Hospital's May 7, 2018 letter noted that the Hospital would "hold from further comment on this issue until you are able to discuss it."  Moreover, the May 7, 2018 letter expounded on the Hospital's vulnerable patient population and Hospital programs, which could affect access to patients and facilities.

61.     Defendants admit that their counsel met with ACDL counsel on June 26, 2018, and August 6, 2018.   Defendants deny the remaining allegations contained in paragraph 61 of the Amended Complaint.   Namely, the Parties' interactions and negotiations were not confined to a discussion about peer review records or those two particular meetings.   Rather, the Parties' interactions and negotiations included multiple communications by phone, letter, emails, and face-to-face meetings over several weeks in 2018.   After the August 6 meeting, Undersigned Counsel asked ACDL Counsel's via email about potential legal arguments related to the peer review records.

62.     Allegations contained in paragraph 62 of the Amended Complaint concern confidential and/or protected health information, and Defendants therefore deny them. Defendants deny, in part, the allegations contained in paragraph 62 of the Amended Complaint because the Hospital did not deny access to non-peer review records.

## STATEMENT OF CLAIMS

**Count I.  Defendants Continue to Deny Plaintiff Reasonable Unaccompanied Access to Arizona State Hospital Facilities and Residents in Violation of Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. § 10801 *et seq.***

63.    Paragraph 63 contains only a statement about ACDL's allegations, which does not require an admission or denial.  To the extent that ACDL intended to make allegations in paragraph 63 of the Amended Complaint, they are vague and/or ambiguous, and Defendants therefore deny them.

64.    Responding to the allegations contained in paragraph 64 of the Amended Complaint, PAIMI states that protection and advocacy systems "shall have access to facilities in the State providing care or treatment."  42 U.S.C. § 10805(a)(3).  Defendants only aver otherwise that the law speaks for itself.  Defendants deny, however, that ACDL's interpretation of "access" is accurate.

65.    Responding to the allegations contained in paragraph 65 of the Amended Complaint, Defendants aver that the law speaks for itself.  Defendants deny, however, that ACDL's interpretation of "access" is accurate.

66.    Responding to the allegations contained in paragraph 66 of the Amended Complaint, Defendants aver that the law speaks for itself.  Defendants deny, however, that ACDL's interpretation of "reasonable, unaccompanied access" is accurate.

67.    Responding to the allegations contained in paragraph 67 of the Amended Complaint, Defendants aver that the law speaks for itself.  Defendants deny, however, that ACDL's interpretation of "reasonable, unaccompanied access" is accurate.

68.    Responding to the allegations contained in paragraph 68 of the Amended Complaint, Defendants aver that the law speaks for itself.  Defendants deny, however, that ACDL's interpretation of "unaccompanied access" is accurate.

69.    Responding to the allegations contained in paragraph 69 of the Amended Complaint, Defendants aver that the law speaks for itself.  Defendants deny, however, that ACDL is entitled to the unfettered and unsecured access it seeks of the Hospital.

Accordingly, Defendants deny the allegations contained in paragraph 69 and all subparts thereto.

70.     Responding to the allegations contained in paragraph 70 of the Amended Complaint, Defendants aver that the law speaks for itself.  Defendants deny, however, that ACDL's interpretation of "reasonable, unaccompanied access" is accurate. Accordingly, Defendants deny the allegations contained in paragraph 70 and all subparts thereto.

71.     Responding to the allegations contained in paragraph 71 of the Amended Complaint, Defendants note that a federal rule related to protection and advocacy systems states that eligible systems "shall include the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail and in person. Residents include minors or adults who have legal guardians or conservators." 42 C.F.R. § 51.42(d).  Defendants only aver otherwise that the law speaks for itself. Defendants deny that ACDL's interpretation of "unaccompanied access" is accurate.

72.     Defendants deny the allegations contained in paragraph 72 of the Amended Complaint.

73.     Responding to the allegations contained in paragraph 73 of the Amended Complaint, Defendants aver that the law speaks for itself.  Defendants deny, however, that any delay or denial occurred.

74.     Responding to the allegations contained in paragraph 74 of the Amended Complaint, Defendants aver that the law speaks for itself.  Defendants deny, however, that any delay or denial occurred.

75.     Defendants deny the allegations contained in paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations contained in paragraph76 of the Amended Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the Amended Complaint.

**Count II. Defendants Continue to Deny Plaintiff Access to Records in Violation of Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. 10801 *et seq.***

78.     Paragraph 78 contains only a statement about the Amended Complaint's previous allegations, which does not require an admission or denial.  To the extent that ACDL intended to make allegations in paragraph 78, they are vague and ambiguous, and Defendants therefore deny them.

79.     Responding to the allegations contained in paragraph 79 of the Amended Complaint, Defendants aver that the law speaks for itself, but that under 42 U.S.C. § 10805, designated protection and advocacy systems have authority to "investigate incidents of abuse and neglect of individuals with mental illness" under only certain circumstances.  Responding to the remaining allegations contained in paragraph 79 of the Amended Complaint, Defendants submit that the allegations concern confidential information, and therefore Defendants deny them.

80.     Responding to the allegations contained in paragraph 80 of the Amended Complaint, Defendants submit that the allegations concern confidential information, and therefore Defendants deny them.

81.     Defendants deny the allegations contained in paragraph 81 of the Amended Complaint and all subparts thereto.  Defendants submit that the allegations concern confidential information, and therefore Defendants also deny them for that reason. Defendants aver that under PAIMI, ACDL is not entitled to peer review records when a deceased patient and/or a patient's estate has a guardian, conservator, legal representative, and/or other similar representative(s).

82.     Defendants deny the allegations contained in paragraph 82 of the Amended Complaint.  Defendants submit that the allegations concern confidential information, and therefore Defendants also deny them for that reason.  Defendants aver that under PAIMI, ACDL is not entitled to peer review records when a deceased patient and/or a patient's

estate has a guardian, conservator, legal representative, and/or other similar representative(s).

83.     Defendants deny the allegations contained in paragraph 83 of the Amended Complaint.  Defendants submit that the allegations concern confidential information, and therefore Defendants also deny them for that reason.  Defendants aver that under PAIMI, ACDL is not entitled to peer review records when a deceased patient and/or a patient's estate has a guardian, conservator, legal representative, and/or other similar representative(s).

84.     Defendants deny the allegations contained in paragraph 84 of the Amended Complaint.  Defendants submit that the allegations concern confidential information, and therefore Defendants also deny them for that reason.  Defendants aver that under PAIMI, ACDL is not entitled to peer review records when a deceased patient and/or a patient's estate has a guardian, conservator, legal representative, and/or other similar representative(s).

85.     Defendants deny the allegations contained in paragraph 85 of the Amended Complaint.  Defendants submit that the allegations concern confidential information, and therefore Defendants also deny them for that reason.  Defendants aver that under PAIMI, ACDL is not entitled to peer review records when a deceased patient and/or a patient's estate has a guardian, conservator, legal representative, and/or other similar representative(s).

## GENERAL DENIAL

Unless specifically admitted above, Defendants deny each and every allegation contained in the Amended Complaint.

## ANSWERING PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that ACDL is entitled to the relief requested, or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff's claims fail, in whole or in part, to state a claim upon which relief may be granted.

2.      Plaintiff's claims are moot.

3.      Plaintiff's claims are barred for failure to resolve, or failure to seek a resolution of, disputes early in the protection and advocacy process and/or through a non-adversarial process involving negotiation, mediation, and/or conciliation; and/or for failing to involve family members, as appropriate, as required pursuant to PAIMI.

4.      Plaintiff's claims are barred for failure to pursue and/or exhaust administrative remedies.

5.      Plaintiff's claims are barred by the statute of limitations.

6.      Plaintiff's claims are barred by the doctrine of laches.

7.      Plaintiff is not entitled to relief because the records it seeks are privileged.

8.      Plaintiff was not entitled to peer review records under PAIMI because the patient and/or patient's estate had a guardian, conservator, legal representative, and/or other similar representatives.

9.      Plaintiff has waived claims regarding denials of reasonable, unaccompanied access.

10.      Plaintiff is not entitled to declaratory and/or injunctive relief against the named Defendants.

11.      Defendants have absolute and/or qualified immunity.

12.      Plaintiff is not eligible for attorneys' fees.

13.      Plaintiff is not eligible for consequential damages.

14.      Plaintiff is not eligible for an award of taxable or any other costs.

15.      Defendants additionally allege any other affirmative defenses that may come to light during discovery.

1      16.    Defendants additionally allege all applicable affirmative defenses listed in

2  Fed. R. Civ. P. 8(c) and 12(b), as well as any other affirmative defenses that may come to

3  light during discovery.

4      RESPECTFULLY SUBMITTED this 25th day of March, 2019.

5

6                                    MARK BRNOVICH
                                  Attorney General

7

8                        By: s/  Louis Caputo

9                              Louis Caputo
                            Aubrey Joy Corcoran

10                              Kevin D. Ray
                            Assistant Attorneys General

11                              2005 North Central Avenue
                            Phoenix, Arizona 85004

12                              *Attorneys for Defendants*

13

14

15  **CERTIFICATE OF SERVICE**

16      I hereby certify that on March 25, 2019, I electronically transmitted the attached

17  document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

18  Notice of Electronic Filing to the CM/ECF registrants of record.

19

20

21  s/  *Bernadette Roybal*

22  #7750649

23

24

25

26

27

28